IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JEROME ADAMS,                  ) | |
|      ) | |
|    Petitioner,     ) | |
|      )       CIVIL ACTION NO. | |
|    v.              )          2:14cv963-MHT | |
|      )               (WO) | |
| WARDEN LOUIS BOYD and          ) | |
| LUTHER STRANGE,                ) | |
|      ) | |
|    Respondents.    ) | |

## OPINION

Pursuant to 28 U.S.C. § 2254, petitioner, through counsel, filed this habeas-corpus case. Unfortunately, counsel filed the petition over 200 days too late. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that the habeas-corpus request be denied as time-barred. Also before the court are petitioner's objections to the recommendation. After an independent and de novo review of the record, the court concludes that the objections must be overruled and the magistrate judge's recommendation adopted.

The court adds these comments. None of the <u>new</u> materials petitioner presents with his objections - and none of the statements in his objections – establishes that he contracted his lawyer to file a § 2254 petition when such a filing might have been timely. The contract between petitioner and his lawyer, attached to the objections, indicates that the lawyer would represent petitioner through proceedings in the Alabama Court of Criminal Appeals and that, if the lawyer represented petitioner after that, such services would require another written agreement. No such additional written agreement is presented or referred to by petitioner. Nor does petitioner state the date on which any such agreement was entered into. Therefore, it remains the case that this court has no evidence that petitioner contracted with a lawyer to file a § 2254 petition when such a filing might have been timely. At the very most, assuming (without knowing) that petitioner timely contracted with a lawyer, the

facts before the court would establish only attorney negligence, not extraordinary circumstances warranting equitable tolling.

Petitioner (for the first time) also vaguely alludes to attempts by him and his family to keep abreast of the status of the § 2254 petition.  No specifics are provided.  Nor is there any affidavit describing such efforts.  Therefore, nothing has been presented showing petitioner's reasonable diligence.  Also, nothing has been presented to show the attorney misconduct required by the Supreme Court in <u>Holland v. Florida</u>, 560 U.S. 631 (2010).  For instance, nowhere in any statements by petitioner is there evidence that his lawyer misled him about the status of the § 2254 petition.

An appropriate judgment will be entered.

DONE, this the 29th day of July, 2016.

                                 /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**